(29 Misc. Rep. 105.)

DALY v. WOOD et al.

(Supreme Court, Special Term, New York County. October 5, 1899.)

TRIAL—PREFERRED CALENDAR—ACTIONS BY RECEIVERS.

Code Civ. Proc. § 791, subd. 5, providing that a cause in which the sole plaintiff is a receiver appointed by the court may be placed on the preferred calendar, does not include a cause in which the sole plaintiff is a receiver appointed in supplementary proceedings.

Action by David R. Daly, as receiver, against Joseph E. Wood and others. Motion by plaintiff to place a cause on the preferred calendar. Motion denied.

E. D. Evans, for the motion.

Wm. C. Wilson, opposed.

GILDERSLEEVE, J.   This is a motion to place a cause on the preferred calendar, on the ground that the sole plaintiff is a receiver. Section 791 of the Code, subd. 5, provides for a preference in cases where "a receiver appointed by the court" is the sole plaintiff or sole defendant.   In the case at bar the receiver was appointed in supplementary proceedings.   Section 2464 of the Code provides for the appointment of a receiver of the property of a judgment debtor by "the judge to whom the order or warrant is returnable," etc.   In the case at bar the complaint sets forth the appointment of the receiver by Justice Hascall, of the city court.   I do not think that the preferred calendar should be weighed down with cases instituted by receivers in supplementary proceedings, as a strict interpretation of the statute does not appear to require it.

The motion for a preference should be denied, but without costs. The request for the removal of the cause from the special term calendar, made on behalf of defendant, is not properly before me, as no notice of motion has been served.

---

MUTUAL LIFE INS. CO. OF NEW YORK v. ALDRICH et al.

(Supreme Court, Appellate Division, Second Department.   October 3, 1899.)

1. MORTGAGE—FORECLOSURE—EXTENSION OF TIME OF PAYMENT—VARYING WRITTEN CONTRACT.

In an action of foreclosure, defendant offered in evidence an oral agreement for the postponement of payment indefinitely so long as interest was regularly paid.   It appeared that subsequent to the agreement, which was alleged to have been made with defendant's grantor, the latter executed a bond whereby, in consideration of an extension of six months, he assumed the payment.   *Held* that, as all agreements between the parties were merged in the bond, its effect cannot be varied by parol.

2. SAME—AGREEMENT TO EXTEND TIME—CONSIDERATION.

An agreement to pay a mortgage note past due, at a subsequent time, and interest up to that time, is not a sufficient consideration for an agreement to extend the time of payment.

Appeal from Kings county court.